UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI YUNG TAI (A-Number: 241-254-243),<br><br>Petitioner,<br><br>v.<br><br>Warden, California City Detention Facility; Current or Acting Secretary, United States Department of Homeland Security; Current or Acting Attorney General of the United States; Current or Acting Field Office Director, San Francisco Field Office Director, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement,<br><br>Respondents. | No.  1:26-cv-01857-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Chi Yung Tai is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  For the reasons explained below, the petition for writ of habeas corpus is granted.[1]  Doc. 13.

**I.  Background**

Petitioner is a citizen of China.  *See* Doc. 8-1, Alvarado Decl. at ¶ 6.  He entered the

---

[1] It appears that the docket improperly lists petitioner's last name as his first name.  The government documents filed by respondents show that Tai is petitioner's last name and Chi is his first name.  *See, e.g.*, Doc. 8-1, Ex. A.  The Court will direct the Clerk to correct the docket.

1

United States on June 1, 2023, and was placed in removal proceedings. *See* Doc. 1 at ¶ 23; Doc. 8-1, Ex. A. On November 13, 2024, an immigration judge ordered petitioner removed to China. Doc. 8-1, Ex. A. Petitioner and the Department of Homeland Security ("DHS") waived the right to appeal the removal order, *see id.*, and it therefore became final immediately, *see* 8 C.F.R. § 1241.1(b) (noting that a removal order becomes final if a noncitizen waives the right to appeal). The government's statutory authority to detain petitioner shifted to 8 U.S.C. § 1231(a) on that date. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("Once an alien has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a).").

Immigration officials detained petitioner on January 16, 2025. Doc. 8-1, Alvarado Decl. at ¶ 7. Immigration and Customs Enforcement ("ICE") submitted a request for a travel document to China on March 26, 2025. *Id.* ¶ 8. That request remains pending. *Id.* ¶ 11.

On March 6, 2026, petitioner filed a petition for writ of habeas corpus, Doc. 1, and motion for temporary restraining order, Doc. 2, arguing that his detention violates the Due Process Clause of the Fifth Amendment. Respondents filed a return to the petition on March 16, 2026. Doc. 8.

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

/ / /

2

### III.    Discussion

Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), petitioner's pro se petition argues that his detention has become unduly prolonged in violation of the Due Process Clause. *See* Doc. 1. In *Zadvydas*, the Supreme Court recognized that 8 U.S.C. § 1231 would pose a "serious constitutional problem" if it were construed to "permit[] an indefinite . . . deprivation of human liberty[.]" *Zadvydas*, 533 U.S. at 690–92. The Court therefore read an implicit constitutional limitation into 8 U.S.C. § 1231: If, six months after being ordered removed, an immigration detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Once it has been determined that "there is no significant likelihood of removal in the reasonably foreseeable future[,]" then the government must release the noncitizen. *Id.*[2]

Over sixteen months have passed since petitioner was ordered removed to China. *See* Doc. 8-1, Ex. A. Since then, petitioner states that he has "continuously requested" that ICE "remov[e] [him] to China[.]" *Id.* Petitioner also points out that ICE has not obtained "a travel document" despite requesting one nearly "12 months" ago. *See* Doc. 1 at ¶ 23; Doc. 2 at 2. "An undue delay in removal for an individual alien beyond the typical [90-day] removal period would naturally suggest that removal is unlikely." *Chun Yat Ma v. Asher*, No. C11-1797 MJP, 2012 WL 1432229, at *5 (W.D. Wash. Apr. 25, 2012); *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that the mere passage of time may suffice as good reason when "[t]he Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists"). Petitioner has shown that there is "good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* (granting habeas relief and ordering petitioner released from custody after eleven month delay in removing petitioner to

---

[2] *Zadvydas* involved a petitioner who had been a lawful permanent resident before being ordered removed. *Zadvydas*, 533 U.S. at 682. The Ninth Circuit subsequently held that *Zadvydas*'s interpretation of the statute applied equally to inadmissible noncitizens, *see Xi v. U.S. I.N.S.*, 298 F.3d 832, 834 (9th Cir. 2002), such as petitioner, *see* Doc. 8-1, Ex. A. The Supreme Court later affirmed a decision of the Ninth Circuit which relied on its earlier opinion in *Xi*. *See Clark v. Martinez*, 543 U.S. 371, 376–79 (2005).

China); *Belach v. Marin*, No. 5:25-CV-03452-SPG-RAO, 2026 WL 75920, at *4 (C.D. Cal. Jan. 5, 2026) (ordering release of noncitizen detained for seven months because no travel document had been provided by country of removal).

Respondents fail to rebut petitioner's showing. They provide no additional information bearing on the likelihood of petitioner's removal and rely solely on the fact that they will remove him to China "[o]nce China[] issues Petitioner a travel document[.]" Doc. 8 at 3. They do not provide information about whether China has acknowledged their request for a travel document or any further steps that they have taken to speed the process along. *See* Doc. 8. They provide no information about whether removals to China are common. *See id.* And they do not claim that they are attempting or will attempt to remove petitioner to a third country. *See id.*[3]

Accordingly, the Court finds that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future, and his detention is no longer authorized by 8 U.S.C. § 1231.

**IV.    Conclusion and Order**

Accordingly,

1.  The petition for writ of habeas corpus, Doc. 1, is GRANTED.

2.  Respondents are ORDERED to release petitioner immediately.

3.  Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

4.  Petitioner's motion to appoint counsel, Doc. 3, is DENIED as moot.

5.  The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 17, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] On July 29, 2025, an ICE panel recommended continuing petitioner's detention because petitioner "poses a significant risk of flight pending removal from the United States." Doc. 8-1, Ex. D. This concern cannot justify petitioner's continued detention. As *Zadvydas* explained, the statute's purpose of preventing risk of flight "is weak or nonexistent" when there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 690.